MARK R. CONRAD (CA Bar No. 255667)
WILLIAM J. COOPER (CA Bar No. 304524)
**CONRAD | METLITZKY | KANE LLP**
217 Leidesdorff Street
San Francisco, CA 94111
Telephone: (415) 343-7100
Facsimile: (415) 343-7101
Email: mconrad@conmetkane.com
Email: wcooper@conmetkane.com

DUANE L. LOFT*
MARK C. DAVIES*
JINGXI ZHAI*
**PALLAS PARTNERS (US) LLP**
75 Rockefeller Plaza
New York, NY 10019
Telephone: (212) 970-2300
Email: Duane.Loft@pallasllp.com
Email: Mark.Davies@pallasllp.com
Email: Jingxi.Zhai@pallasllp.com
*Pro hac vice applications forthcoming*

*Attorneys for Petitioner*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| In re Application of<br><br>ALPINE PARTNERS (BVI), L.P.,<br><br>Petitioner, for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in a Foreign Proceeding. | Case No. 24-80136<br><br>**APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING** |

|   |   |
|---|---|
| 1 | Alpine Partners (BVI) LP ("**Petitioner**") respectfully requests an order in the form attached hereto permitting Petitioner to obtain limited discovery under 28 U.S.C. § 1782 ("**Section 1782**") in connection with an appraisal proceeding (the "Appraisal Proceeding") pending before the Grand Court of the Cayman Islands (the "**Grand Court**"), to which Petitioner is a party.  In support of its application, Petitioner submits a Memorandum of Law and the Declarations of Zachary Hoskin ("Hoskin Declaration") and Duane L. Loft ("Loft Declaration").  Petitioner further states as follows: |

Alpine Partners (BVI) LP ("**Petitioner**") respectfully requests an order in the form attached hereto permitting Petitioner to obtain limited discovery under 28 U.S.C. § 1782 ("**Section 1782**") in connection with an appraisal proceeding (the "Appraisal Proceeding") pending before the Grand Court of the Cayman Islands (the "**Grand Court**"), to which Petitioner is a party.  In support of its application, Petitioner submits a Memorandum of Law and the Declarations of Zachary Hoskin ("Hoskin Declaration") and Duane L. Loft ("Loft Declaration").  Petitioner further states as follows:

Petitioner seeks the assistance of this Court to obtain discovery from Vivo Capital LLC ("**Vivo Capital**"), Vivo Opportunity Fund Holdings, L.P., Vivo Asia Opportunity Fund Holdings, L.P., Vivo Opportunity Co-Invest, L.P., Vivo Panda Fund, L.P., Vivo Opportunity, LLC, Vivo Asia Opportunity, LLC, and Vivo Panda, LLC (together, the "**Vivo Entities**" or "**Respondents**").  Each Respondent is headquartered in this District, and thus is "found" here for purposes of Section 1782.

Petitioner's tailored discovery requests are set forth in the subpoenas attached as **Exhibits 1 through 8** to the Loft Declaration (each a "**Subpoena**") and relate to the fair value of the shares of Gracell Biotechnologies Inc. ("**Gracell**" or the "**Company**") held by Petitioner, and the process leading to the take-private merger (the "**Merger**") pursuant to which Petitioner's shares were forcibly cancelled for a price that Petitioner alleges was far below their fair value.  As set forth in the accompanying declarations, discovery from Respondents cannot be compelled in the underlying Appraisal Proceeding, but the Grand Court will be receptive to the discovery sought here and assistance from this Court.

Section 1782 permits litigants in foreign proceedings to obtain discovery in the United States to assist in the foreign litigation.  In particular, Section 1782 states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation.  The order may be made … upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.

The statutory requirements of Section 1782 are satisfied here.  As explained in the accompanying Memorandum of Law, Loft Declaration, and Hoskin Declaration: (i) Each Respondent is "found" in this District because each is headquartered in the Northern District of California; (ii) the discovery sought is

to be used in the Appraisal Proceeding; and (iii) Petitioner is an "interested party" in the Appraisal Proceeding.

This application also meets the discretionary factors courts apply under Section 1782, as explained further in the accompanying Memorandum of Law and Hoskin Declaration: (i) Respondents are not parties to the Appraisal Proceeding; (ii) the Grand Court will be receptive to judicial assistance from U.S. courts; (iii) Petitioner is not attempting to circumvent foreign proof-gathering restrictions; and (iv) the discovery sought is not intrusive or unduly burdensome. *See generally Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 (2004).

Petitioner therefore respectfully requests that this Court expeditiously grant its application for an Order granting Petitioner leave to serve each Respondent with the applicable Subpoena.

WHEREFORE, Petitioner respectfully requests that this Court enter an Order:

1. Directing each Respondent to file any opposition to the application within 21 days of service of the application;

2. Directing Petitioner to file any reply in support of the application within 14 days of each Respondent's opposition;

3. Absent a timely opposition filed by each Respondent, authorizing Petitioner to take discovery from each Respondent and to serve any Subpoena on any additional affiliated individuals or entities with knowledge and information found or residing in this District;

4. Directing each Respondent to produce the requested documents within thirty (30) days of service of the applicable Subpoena (together with a copy of this Order), or such other date as agreed between the parties, and in conformity with the Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the Northern District of California;

5. Directing each Respondent to appear for a deposition in compliance with the applicable Subpoena on a mutually agreeable date within a reasonable time after that Respondent confirms the final production of documents in response to the applicable Subpoena; and

6. Directing each Respondent, until further Order by this Court, to preserve all documents, electronic or otherwise, and any evidence in its possession, custody, or control that contain information potentially relevant to the subject matter of the foreign proceeding at issue in the application.

DATED: June 4, 2024

Respectfully submitted,

**CONRAD | METLITZKY | KANE LLP**

*/s/ Mark R. Conrad*
Mark R. Conrad
William J. Cooper

**PALLAS PARTNERS (US) LLP**

Duane L. Loft*
Mark C. Davies*
Jingxi Zhai*

*Pro hac vice applications forthcoming*

*Attorneys for Petitioner*